# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **WILBERT CHARLES MANNING**<br>    **LA. DOC #126805** | **CIVIL ACTION NO. 5:15-cv-1034** |
| **VS.** | **SECTION P** |
| | **JUDGE ELIZABETH E. FOOTE** |
| **CADDO CORRECTIONAL**<br>**CENTER, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Wilbert Charles Manning, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 1, 2015. Plaintiff is an inmate incarcerated at the Caddo Correctional Center (CCC); he awaits trial on various felony and misdemeanor charges pending in the First Judicial District Court, Caddo Parish. He is also being held on a parole violation accusation.[1] He complains about various conditions and circumstances and sues various known and unknown prisoners, corrections officers, physicians and judges. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as malicious, frivolous, for failing to state a claim for which relief may be granted, and for seeking money damages from defendants who are immune from suit, all in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

---

[1] Plaintiff was booked into CCC on August 19, 2012, on charges of simple robbery, failure to register as a sex offender, parole violation, aggravated battery, battery of a police officer (2 counts) and public intimidation.

See http://www.caddosheriff.org/inmates/?lastNameChar=M

*Background*

On April 1, 2015, plaintiff submitted a rambling, barely legible 4-page hand-written letter

to the Clerk of Court. Among other things he complained about his continued unlawful

confinement in administrative segregation in retaliation for his exposure of a prostitution ring

involving both offenders and staff at CCC; and a psychiatric evaluation which determined that he

lacks capacity to proceed to trial on charges pending in the First Judicial District Court. [Doc.1]

The document was construed to be a deficient civil rights complaint and plaintiff was

provided the appropriate forms and ordered to re-submit his complaint on those forms and either

pay the filing fee or submit the forms requesting *in forma pauperis* status. [Doc. 3]

On April 30, 3015, he submitted his complaint.  He complained that he is confined to

Segregation "because of me being in the Courts on these people here at [CCC] about them

violating my civil rights and bring the knowledge of them here conducting an illegal prostitution

ring here by the prison officials, staff members, and offenders even from the Courthouse at the

First Judicial District Court of Caddo Parish."  He complained about being shackled and about

being guarded by an Emergency Response Team when he is taken to the medical department. He

complained that the District Attorney is attempting to have him committed to a mental health

facility and declared incompetent to proceed to trial on the pending charges of simple robbery.

He complained that CCC Security have wrongly placed prison disciplinary charges against him,

and that he is not permitted to attend church services. [Doc. 4, ¶IV]

He prayed for compensatory damages and the arrest and termination of all defendants.

[Doc. 4, ¶V]

He also submitted 3 barely legible hand-written pages expanding on his complaint.

2

Therein he claimed that CCC staff interfered with his attempts to obtain *in forma pauperis* status for this lawsuit and thus deny him access to Court with respect to this complaint. He complained about deputies "picking at" him and confining him to a restraint chair because he requested a proper diet and refused to eat food that the deputies tampered with. He claims that all of these acts are in retaliation for his attempting to expose the alleged prostitution ring at CCC in a letter submitted to then United States Senator Mary Landrieu.  He concluded the hand-written portion of his complaint with the request that he be transferred to the Shreveport City Jail. [Doc. 4-1]

Again on April 30 he submitted a two page hand-written letter along with exhibits.  In the letter he requested that Commander Wyche be ordered to provide him with the names of all CCC employees employed since September 22, 2012.  He also requested the assistance of the United States Marshal in serving process on these putative defendants. [Doc. 5] Plaintiff also provided a copy of the KITE communication to prison administrators requesting his transfer to general population and their response denying his request, and a copy of plaintiff's KITE communication to Commander Wyche seeking the names of his employees since August 2012, and the denial of that request. [Doc. 5-1, pp. 1-4]

### *Law and Analysis*

### *1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his  complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua*

*sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint is frivolous if it lacks an arguable basis in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir.1995); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Herndandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

### 2. Plaintiff's History

As noted above, plaintiff has been in custody since August 19, 2012. Since then, he has filed four civil rights complaints in this Court.

On September 22, 2012, he filed his first complaint naming numerous known and unknown defendants and complaining about a laundry list of conditions and circumstances,

including – failure to protect; denial of appropriate medical care; rejection of his grievances; his wrongful commitment to CCC's mental health unit as retaliation for a civil action he filed seeking to expose the prostitution ring at CCC; that prison staff call him by "nicknames"; that he is fed cat food; that he is escorted by the Emergency Response Team so that he will be unable tot witness the actions of the prostitution ring; that there is a secret tunnel system at CCC which conceals the activities of the prostitution ring from security cameras; and, that he was placed in a restraint chair for 2 hours in October 2012.  On May 27, 2015, United States Magistrate Judge Hornsby recommended dismissal of plaintiff's complaint. That matter remains pending. *See Wilbert Charles Manning v. Deputy Nunnery, et al.*, Civil Action No. 5:12-cv-2563.

On September 25, 2012, he filed a second complaint naming numerous defendants and complaining of various acts and omissions of the defendants in retaliation for his exposing the CCC prostitution ring. That complaint was ultimately dismissed and stricken when plaintiff failed to provide the proper documents to enable the Court to determine his pauper status. *Wilbert Charles Manning v. Deputy Ross, et al.*, Civil Action No. 5:12-cv-2564.

On March 26, 2013, he filed a third complaint against numerous defendants.  He initially accused various health care professionals associated with the prison of participating in the prostitution ring he claimed to have uncovered. On May 7, 2013, he wrote the Court a letter which began "I'm writing to you at this time in request of speaking to you about the matter of the illegal congenital sexual contacts that I thought was going on here at CCC. Sir, I've done my research and I found that it wasn't as I thought it was and I must admit I was wrong on that subject and I'd like to truly apologize to you first for bothering you and your faithful staff with my wrong judgments and I'd like to have that part of my Civil Act ... discontinued please."  As a

5

result of that letter, the complaint was dismissed on May 10, 2013.  Then, on May 14, 2013, he filed two amended complaints reiterating his claims about the CCC prostitution ring.  On May 22, 2013, plaintiff wrote another letter recanting his earlier letter and requesting the arrest and prosecution of CCC staff based on his claims concerning the prostitution ring. The letter was construed as a motion to reopen/reinstate and denied on May 24, 2013. *Wilbert Charles Manning v. Lanorr Smith*, Civil Action No. 5:13-cv-0692.

### 3. Malicious

The civil rights claims asserted herein were asserted in plaintiff's two previous civil actions, *Wilbert Charles Manning v. Deputy Nunnery, et al.*, Civil Action No. 5:12-cv-2563 and/or *Wilbert Charles Manning v. Lanorr Smith*, Civil Action No. 5:13-cv-0692, namely plaintiff's assertions concerning the Emergency Response Team, his confinement in a restraint chair, his wrongful confinement in the CCC mental health unit, and, in general his claims of retaliation for having exposed the alleged CCC prostitution ring.

Plaintiff has been allowed to proceed *in forma pauperis* in this civil action and in both of the prior civil actions, *Wilbert Charles Manning v. Deputy Nunnery, et al.*, Civil Action No. 5:12-cv-2563 and *Wilbert Charles Manning v. Lanorr Smith*, Civil Action No. 5:13-cv-0692.

Title 28 U.S.C. §1915(a) enables an indigent litigant  to litigate an action *in forma pauperis* in federal court without the necessity of prepaying fees and costs; however, subsection (d) prevents abuse of the privilege by authorizing the court to "dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." See 28 U.S.C. § 1915; see also *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir.1986). The Fifth Circuit has held that "[a] district court may dismiss an *in forma pauperis* proceeding for frivolousness or

maliciousness at any time, before or after service of process," and that a district court is "vested with especially broad discretion" in determining whether such a dismissal is warranted. See *Green*, 788 F.2d at 1119. If a civil action is a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit, such "[r]epetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915(d) as malicious." See *Robinson v. Woodfork*, No. 86-3735 (5th Cir. May 22, 1987) (unpublished order) (citing *McCullough v. Morgan*, No. 85-2022 (5th Cir. July 3, 1985) (unpublished order) and *Hill v. Estelle*, 423 F.Supp. 690 (S.D.Tex.1976)).

In short, an *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of Section 1915(d). *Pittman v. K. Moore*, 980 F.2d 994, 995 (5th Cir.1993) ("[I]t is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff").  Or, put another way, "When declaring that a successive *in forma pauperis* suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple – but not more." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir.1993).

The instant complaint is duplicative of  matters either dismissed or presently pending before this Court.  Plaintiff has abused the privilege of litigating *in forma pauperis*; the instant civil action is clearly vexatious and  malicious and dismissal is appropriate.

### *4. Fanciful, Fantastic, or Delusional Claims*

As noted above, the courts, when considering *in forma pauperis* prisoner complaints have not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose

factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827,

104 L.Ed.2d 338 (1989). A complaint is frivolous if it lacks an arguable basis in fact (i.e. the

facts are clearly baseless, a category including allegations that are fanciful, fantastic, or

delusional). *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir.1995); *Booker v. Koonce*, 2 F.3d 114, 115

(5th Cir.1993); *Denton v. Herndandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340

(1992).  Plaintiff's complaints all have in common his fanciful claim of a massive, system wide

prostitution ring being run out of the CCC. Further, he claims that an elaborate system of tunnels

allows this nefarious activity to go unrecorded by prison surveillance cameras. Finally, he claims

that the prison's Emergency Response Team has been detailed to escort plaintiff so that he is no

longer able to observe the operation of the prostitution ring. Clearly, these claims are delusional

and for that reason plaintiff's complaint should be dismissed.

### *5. Miscellaneous Claims*

In addition to the malicious and delusional claims, plaintiff also raises a series of new

claims that should be addressed herein.

First, plaintiff faults various defendants for their attempts at establishing that he lacks

capacity to proceed to trial. It is not clear whether his capacity to proceed to trial has been

judicially determined yet.  Nevertheless, to the extent that plaintiff faults the members of the

Sanity Commission who have been charged with reporting on his condition to the Court or the

prosecutors charged with the presentation of the State's case, his claims for money damages must

be dismissed because these defendants are immune from suit. *Briscoe v. LaHue*, 460 U.S. 325

(1983) (immunity of witnesses); *Imbler v. Pachtman*, 424 U.S. 409 (1976)(prosecutorial

immunity).  Further, plaintiff may not utilize this civil rights action to collaterally attack these

criminal proceedings. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

Plaintiff also claims that he was wrongly accused and convicted of prison disciplinary charges. However, he does not provide any factual support for these conclusory claims. Further, in his initial filing, the letter of April 1, 2015, plaintiff admitted to damaging a television when he poured Ensure on it. [Doc. 1]

Finally, plaintiff's claim that he is prohibited from attending communal church services due to his placement in administrative segregation is without merit.  The fact that he is denied the opportunity to participate in congregational worship services does not mean that he is prevented from exercising his faith.  "The pertinent question is not whether the inmates have been denied specific religious accommodations, but whether, more broadly, the prison affords the inmates opportunities to exercise their faith." *Freeman v. Texas Department of Criminal Justice*, 369 F.3d 854, 861 (5th Cir.2004); *Adkins v. Kaspar*, 393 F.3d 559, 564 (5th Cir. 2004).  Plaintiff has not claimed that he was denied the right to exercise his faith; indeed his only complaint is that his right to participate in congregational services have been limited.

### *Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as malicious and frivolous for failing to state a claim for which relief may be granted and for seeking money damages from defendants who are immune from suit all in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation

to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers, Monroe, Louisiana, June 4, 2015.


_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**